UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARITA MILLER,                                          Case No.

    Plaintiff,                                       Hon.

v.

CA SENIOR MANAGEMENT, LLC,

    Defendant.

---

Noah S. Hurwitz (P74063)
Kara F. Krause (P85487)
HURWITZ LAW PLLC
617 Detroit St. Ste. 125
Ann Arbor, MI 48104
(844) 487-9489
Noah@hurwitzlaw.com
Kara@hurwitzlaw.com

---

There is no other pending or resolved civil action arising out of this transaction or occurrence alleged in the complaint.

## COMPLAINT AND JURY DEMAND

Plaintiff Charita Miller (hereinafter "Plaintiff"), by and through her attorneys, HURWITZ LAW PLLC, hereby allege as follows:

1

**INTRODUCTION**

1. This is a civil action for money damages, reasonable attorneys' fees and costs, prejudgment interest, and other relief against Defendant CA Senior Management, LLC (hereinafter "Defendant").

2. Plaintiff was hired on September 30, 2020 and learned that she was pregnant approximately seventeen (17) months later, on or about March 5, 2022.

3. Plaintiff faced a high risk of miscarriage during the first trimester, and she was advised by her doctor to avoid heavy lifting.

4. Plaintiff submitted a doctor's note to Director of Nursing Charisse Woodward.

5. Managing Nurse Simone Taylor, nevertheless, assigned her to treat a "two-person assist" patient at the beginning of her shift on June 9, 2022.

6. Plaintiff refused and she was terminated the very next day.

7. Plaintiff asserts claims arising out of her unlawful termination and failure to accommodate in violation of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 201–219, the Elliott-Larsen Civil Rights Act of 1976 ("ELCRA"), MICH. COMP. LAWS §§ 37.2101–37.2804, and Persons with Disabilities Civil Rights Act of 1976 ("PWDCRA"), MICH. COMP. LAWS §§ 37.1101–37.1607.

**PARTIES AND JURISDICTION**

8. Plaintiff is an individual residing in Detroit, Michigan.

9. Defendant is a foreign company that operates a senior living facility in Northville, Michigan.

10. The U.S. District Court for the Eastern District of Michigan has federal question jurisdiction over the Family and Medical Leave Act of 1993 ("FMLA") claim pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the Elliott-Larsen Civil Rights Act of 1976 ("ELCRA") and Persons with Disabilities Civil Rights Act of 1976 ("PWDCRA") claims pursuant to 28 U.S.C. § 1367.

11. Additionally, venue is proper because this is the judicial district in which a substantial part of the events occurred pursuant to 28 U.S.C. § 1391.

## **GENERAL ALLEGATIONS**

12. Plaintiff was hired on September 30, 2020.

13. Plaintiff learned that she was pregnant on or about March 5, 2022.

14. Plaintiff began experiencing severe nausea known as hyperemesis in addition to vaginal bleeding and hemorrhage of placenta related to her pregnancy.

15. Plaintiff faced a high risk of miscarriage during the first trimester.

16. Plaintiff was being treated for those pregnancy-related conditions by Dr. El-Alayli at Beaumont Hospital in Farmington Hills, Michigan.

17. Plaintiff was advised by her doctor to avoid heavy lifting.

18. Plaintiff submitted a doctor's note to Director of Nursing Charisse Woodward.

19. Managing Nurse Simone Taylor, nevertheless, assigned her to treat a "two-person assist" patient at the beginning of her shift on June 9, 2022.

20. Plaintiff refused the assignment, explaining that it would be unsafe.

21. Ms. Taylor responded, "Do it or go home."

22. Plaintiff was punished for refusing the assignment.

23. Defendant's Business Office Director terminated her the next day.

24. Plaintiff continues to experience medical issues, including a kidney infection that required surgical intervention at Providence Hospital in Southfield, Michigan.

## COUNT I
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT ("FMLA")

25. Plaintiff incorporates by reference herein the foregoing paragraphs.

26. Plaintiff was an "eligible employee" because she had been employed for at least twelve (12) months by the time circumstances qualifying for leave arose. 29 C.F.R. § 825.110.

27. Defendant is a "covered employer" because it has been engaged in commerce or in an industry affecting commerce during all relevant times. 29 C.F.R. § 825.104.

28. Plaintiff learned that she was pregnant on or about March 5, 2022.

29. Plaintiff began experiencing severe nausea known as hyperemesis in addition to vaginal bleeding and hemorrhage of placenta related to her pregnancy.

4

30. Plaintiff faced a high risk of miscarriage during the first trimester.

31. Plaintiff was being treated for those pregnancy-related conditions by Dr. Sherif El-Alayli at Beaumont Hospital in Farmington Hills, Michigan.

32. Plaintiff was advised by her doctor to avoid heavy lifting.

33. Plaintiff submitted a doctor's note to Ms. Woodward.

34. Defendant thereby acquired knowledge of circumstances qualifying for leave (*i.e.*, pregnancy and prenatal care). 29 C.F.R. § 825.120(a).

35. Defendant, nevertheless, failed to notify her of her eligibility for leave. 29 C.F.R. § 825.300.

36. Defendant, instead, terminated her on June 10, 2022.

37. Defendant's conduct in this regard was willful and intentional.

38. Plaintiff is entitled to compensation for economic loss, including but not limited to back pay, lost wages and benefits, prejudgment interest, reasonable attorneys' fees and costs, and other remedies available at law or in equity.

## COUNT II
## SEX DISCRIMINATION IN VIOLATION OF THE
## ELLIOTT-LARSEN CIVIL RIGHTS ACT OF 1976 ("ELCRA")

39. Plaintiff incorporates by reference herein the foregoing paragraphs.

40. Defendant is an "employer" with one (1) or more employees. MICH. COMP. LAWS 37.2201(a).

41. Plaintiff learned that she was pregnant on or about March 5, 2022.

42. Plaintiff began experiencing severe nausea known as hyperemesis in addition to vaginal bleeding and hemorrhage of placenta related to her pregnancy.

43. Plaintiff faced a high risk of miscarriage during the first trimester.

44. Plaintiff was being treated for those pregnancy-related conditions by Dr. El-Alayli at Beaumont Hospital in Farmington Hills, Michigan.

45. Plaintiff was advised by her doctor to avoid heavy lifting.

46. Plaintiff submitted a doctor's note to Ms. Woodward.

47. Ms. Taylor, nevertheless, assigned her to treat a "two-person assist" patient at the beginning of her shift on June 9, 2022.

48. Plaintiff refused the assignment, explaining that it would be unsafe.

49. Ms. Taylor responded, "Do it or go home."

50. Plaintiff suffered an adverse employment action when she was terminated on June 10, 2022.

51. Defendant terminated her because of her "sex," which "includes, but is not limited to, pregnancy, childbirth, or a medical condition related to pregnancy or childbirth." MICH. COMP. LAWS 37.2201.

52. Defendant refused to engage in the interactive process.

53. Plaintiff could have been reassigned.

54. Plaintiff could have been granted a lifting restriction.

55. Plaintiff could have been granted an unpaid leave of absence.

6

56. Defendant never explained why no accommodations could have worked.

57. Defendant's conduct was willful and intentional.

58. Plaintiff is entitled to compensation for economic and noneconomic loss, including but not limited to back pay, lost wages and benefits, mental and emotional distress, anguish, outrage, embarrassment, humiliation, indignity, disappointment, prejudgment interest, reasonable attorneys' fees and costs, and other remedies available at law or in equity.

## COUNT III
## DISABILITY DISCRIMINATION IN VIOLATION OF THE PERSONS WITH DISABILITIES CIVIL RIGHTS ACT ("PWDCRA")

59. Plaintiff restates the foregoing paragraphs as if set forth fully herein.

60. Defendant is an "employer" with one (1) or more employees. MICH. COMP. LAWS 37.1201(b).

61. Plaintiff was a "person with a disability" with a physical or mental characteristic that substantially limited one (1) or more of her major life activities during all relevant times. MICH. COMP. LAWS 37.1103.

62. Plaintiff was regarded as a "person with a disability" during all relevant times. MICH. COMP. LAWS 37.1103.

63. Plaintiff learned that she was pregnant on or about March 5, 2022.

64. Plaintiff began experiencing severe nausea known as hyperemesis in addition to vaginal bleeding and hemorrhage of placenta related to her pregnancy.

65. Plaintiff faced a high risk of miscarriage during the first trimester.

66. Plaintiff was being treated for those pregnancy-related conditions by Dr. El-Alayli at Beaumont Hospital in Farmington Hills, Michigan.

67. Plaintiff was advised by her doctor to avoid heavy lifting.

68. Plaintiff requested accommodations for her specific disabilities.

69. Plaintiff submitted a doctor's note to Ms. Woodward.

70. Ms. Taylor, nevertheless, assigned her to treat a "two-person assist" patient at the beginning of her shift on June 9, 2022.

71. Plaintiff refused the assignment, explaining that it would be unsafe.

72. Ms. Taylor responded, "Do it or go home."

73. Plaintiff suffered an adverse employment action when she was terminated on June 10, 2022.

74. Defendant refused to engage in the interactive process.

75. Plaintiff could have been reassigned.

76. Plaintiff could have been granted a lifting restriction.

77. Plaintiff could have been granted an unpaid leave of absence.

78. Defendant never explained why no accommodations could have worked.

79. Defendant's actions were intentional and reckless.

80. Plaintiff is entitled to compensation for economic and noneconomic loss, including but not limited to back pay, lost wages and benefits, mental and emotional distress, anguish, outrage, embarrassment, humiliation, indignity, disappointment, prejudgment interest, reasonable attorneys' fees and costs, and other remedies available at law or in equity.

## **DEMAND FOR RELIEF**

**WHEREFORE**, Plaintiff demands the following relief:

A. Compensatory damages for economic and noneconomic loss;

B. Punitive and liquidated damages;

C. Prejudgment interest;

D. Reasonable attorneys' fees and costs;

E. All further relief available at law or in equity.

Respectfully Submitted,
HURWITZ LAW PLLC

*/s/ Noah S. Hurwitz*
Noah S. Hurwitz (P74063)
Attorney for Plaintiff
617 Detroit St. Ste. 125
Ann Arbor, MI 48104
(844) 487-9489

Dated: September 28, 2022

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| CHARITA MILLER, | Case No. |
| Plaintiff, | Hon. |
| v. | |
| CA SENIOR MANAGEMENT, LLC, | |
| Defendant. | |

Noah S. Hurwitz (P74063)
Kara F. Krause (P85487)
HURWITZ LAW PLLC
617 Detroit St. Ste. 125
Ann Arbor, MI 48104
(844) 487-9489
Noah@hurwitzlaw.com
Kara@hurwitzlaw.com

## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff Charita Miller ("Plaintiff"), by and through her attorneys, HURWITZ LAW PLLC, and hereby demands a jury trial.

    Respectfully submitted
    HURWITZ LAW PLLC

    */s/ Noah S. Hurwitz*
    Noah S. Hurwitz (P74063)
    Attorney for Plaintiff

Dated: September 28, 2022